UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:02-CR-116 JD |
| EDWARD JOHNSON | |

## OPINION AND ORDER

Following the Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c), Defendant Edward Johnson filed a notice of appeal and is now requesting leave to proceed in forma pauperis on appeal. For the reasons below, the Court will deny this request.

As relevant here, under Federal Rules of Appellate Procedure,

> A party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; . . .

Fed. R. App. P. 24(a)(3). A frivolous appeal is not taken in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000). A frivolous appeal is one where no legal point can be reasonably argued on the merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, although Mr. Johnson was determined to be financially unable to obtain an adequate defense against the Government's case, he may not proceed in forma pauperis on appeal because his appeal is not taken in good faith. In his motion, Mr. Johnson states two issues that he intends to present on appeal: he wants to challenge the Court's denial of his motion for compassionate release "notwithstanding issues that include actual innocence"; and he believes

that "he is serving and unlawfully stacked 18 U.S.C. § 924(c)(1) sentence." (Def.'s Mot., DE 1089 at 2.) Both issues are frivolous.

Although Mr. Johnson pleaded guilty to Counts 3 and 9 of the Indictment, charging him with the killings of the two tellers during an aggravated attempted bank robbery, in violation of 18 U.S.C. §§ 2113(e) and 2, he appears to believe that he is innocent because he wasn't the one who pulled the trigger. But in pleading guilty he admitted that he aided and abetted in the killings and was therefore "liable as a principal." *United States v. Newman*, 755 F.3d 543, 545 (7th Cir. 2014); *see also* 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.") Any argument to the contrary is unreasonable on the merits. And as explained in the Court's order which he is seeking to appeal, neither *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), nor *Alleyne v. United States*, 570 U.S. 99 (2013), affords him any relief.

Next, Mr. Johnson claims that he is serving a stacked sentence under § 924(c)(1). This argument was not made in his motion for compassionate release—nor could it have been—because Mr. Johnson pleaded guilty to, and was sentenced for, violation of § 2113(e), not § 924(c)(1). So this argument is also frivolous.

Finally, to the extent that Mr. Johnson would like to challenge the Court's denial of his motion for compassionate release, for the reasons explained in the Court's Opinion and Order (DE 1087), any such argument would be frivolous as well.

Thus, the Court DENIES his request to appeal in forma pauperis as it is not taken in good faith and raises no possibility of relief. *See* Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915. Consistent with Federal Rule of Appellate Procedure 24(a)(4), the Court DIRECTS the Clerk to forward this order to the Court of Appeals for the Seventh Circuit. The Court also NOTIFIES

Mr. Johnson that, under Federal Rule of Appellate Procedure 24(a)(5), he may move to proceed on appeal in forma pauperis with the Court of Appeals.

SO ORDERED.

ENTERED: November 25, 2024

                                                      /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court